IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SCOTT MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0920-D |
| | § | |
| AMAZON.COM SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Jason Scott Myers ("Myers") filed on April 14, 2025 a complaint for employment discrimination and an application to proceed *in forma pauperis* ("IFP"). The court grants the IFP application, but, for the reasons explained, dismisses Myers' action with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) by judgment filed today. The court also denies Myers' motion to expedite case, motion for a hearing, and motion for miscellaneous relief, also filed on April 14, 2025.

I

Myers brings this action against defendant Amazon.com Services LLC ("Amazon"), seeking relief under 41 U.S.C. § 6503 for breach of contract and disability discrimination based on the termination of his employment; failure to accommodate his disability; unequal terms and conditions of employment; and retaliation, all stemming from his 2023 employment with Amazon. Compl. at 3-4. Myers alleges that he "was [] in a permanent employment contract" with Amazon because he signed and dated an at-will employment

agreement in a manner that rendered it void. *Id.* at 5. According to Myers, Amazon breached the permanent employment contract when it terminated his employment. *See id.* He seeks reimbursement for his "sold assets for my conti[n]ued attempts to live and survive;" reinstatement with full back pay; and other unspecified terms he has demanded from Amazon. *Id.* at 5-6. This case is still at the screening stage, and Amazon has not been served or filed a responsive pleading.

II

Because Myers is proceeding IFP in this case, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which authorizes *sua sponte* dismissal if the court determines that the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A civil action may also be dismissed as frivolous or malicious when it "seek[s] to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff" because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S.

90, 94 (1980)).

Although a court must always liberally construe the pleadings filed by *pro se* litigants, the allegations that Myers asserts in this action are frivolous and do not state a viable legal claim, even under a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that *pro se* pleadings "'must be held to less stringent standards than formal pleadings drafted by lawyers'").

### III

This is a suit by Myers against Amazon for breach of contract and disability discrimination based on the termination of Myers' employment, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. *See* Compl. at 4. These employment-based claims were raised or could have been raised in his unsuccessful lawsuit against Amazon, misnamed as Amazon FTW1, that was filed fewer than two years ago. *See Meyers v. Amazon FTW1*, 2024 WL 4885363 (N.D. Tex. Oct. 21, 2024) (Toliver, J.), *rec. adopted*, 2024 WL 4887626 (N.D. Tex. Nov. 22, 2024) (Godbey, C.J.). In that case, as here, Myers alleged that Amazon discriminated against him on the basis of disability because it failed to reasonably accommodate his disability, retaliated against him for his disability, terminated him for being disabled, and withheld personal medical documents. *See id.* at *1. The court granted Amazon's motion for summary judgment and dismissed the case with prejudice. *See id.* at *3. Myers did not appeal, and his post-judgment motion for relief from the judgment was denied. Myers' claims against Amazon in this case involve the same facts and arise "from a common series of events," namely, his 2023 employment with, and

termination from, Amazon, that Myers has already unsuccessfully litigated. Accordingly, this action is barred by res judicata and is frivolous under § 1915(e)(2)(B). *See, e.g.*, *Pittman*, 980 F.2d at 994.

Additionally, to the extent Myers attempts to "avoid the ordinary rules of *res judicata*" by recharacterizing his employment claims as bases for a breach-of-contract action under 41 U.S.C. § 6503, his claims are without merit. *Id.* Title 41 of the United States Code involves public contracts, and a party that violates 41 U.S.C. § 6503 "is liable to the Federal Government" in the event of a "breach or violation of a representation or stipulation included in a contract under section 6502 of this title." 41 U.S.C. § 6503(a), (b). Section 6502 of Title 41 pertains to "[a] contract made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000[.]" 41 U.S.C. § 6502.

Even if the court assumes that § 6503 confers a private right of action, § 6503 is inapplicable to this case, and Myers' reliance on it is misplaced, because Myers' § 6503 claims are clearly premised on the breach of an alleged contract between him and Amazon, not on a public contract to which an agency of the United States is a party. Myers' meritless legal theory under § 6503 therefore also renders this action frivolous under § 1915(e)(2)(B).

IV

A *pro se* plaintiff generally should be granted leave to amend a complaint before dismissal, but leave is not required when he has already pleaded his "best case" or leave to amend would be futile. *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The deficiencies of Myers' lawsuit—res judicata and a meritless legal theory—cannot be cured through amended factual allegations. The court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

\* \* \*

For the reasons explained, the court dismisses this action with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B) by judgment filed today.

**SO ORDERED**.

May 22, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE